# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE WEAVER, | CASE NO. 1:10-cv-01523-AWI-SMS |
| Plaintiff, | CORRECTED ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | |
| U.S.D.A. FOREST, | |
| Defendants. | (Doc. 1) |

Proceeding pro se, Plaintiff David Lee Weaver has filed a tort complaint seeking compensation for personal injury and damage to his vehicle in a collision with a U.S.D.A. Forest Service Vehicle.

**I.     Screening Requirement**

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  Accordingly, this Court screens all complaints filed by plaintiffs *in propria persona* to ensure that the action is not frivolous or malicious, that the actions states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## II.     Summary of Complaint

While driving northbound on Highway 99 on May 4, 2009, U.S.D.A. Forest Service Employee Mike Ryan, who was driving a Ford Excursion, sideswiped the front driver side of Plaintiff's vehicle. Ryan apologized and advised Plaintiff that he had not seen him.

Ryan provided insurance information before Plaintiff was transported by ambulance to Mercy Hospital in Bakersfield. Mercy Hospital released Plaintiff, directing him to see his primary physician, Dr. Lee, in Tulare, California. Plaintiff has been advised that he requires neck surgery that will cost $100,000.

Despite Ryan's acknowledgment of fault, the U.S.D.A. Forest Service has failed to respond to Plaintiff's claim, repeatedly directing him to various offices. Plaintiff seeks damages sufficient to pay for damage to his vehicle, medical procedures attributable to the accident, and pain and suffering.

///

III. **Discussion**

    A. **Federal Tort Claims Act**

Under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), no claimant for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act of a governmental employee may institute a court action unless he or she first presented his or her claim to the appropriate agency and the agency denied the claim in writing and sent by certified or registered mail. 28 U.S.C. § 2675(a). If the agency has not made a final disposition of the claim within six months, the claimant may elect to treat the agency's inaction as a denial. 28 U.S.C. § 2675(a). The claimant's action may not exceed the amount set forth in his or her initial claim unless the increased amount is based on newly discovered evidence not available at the time the initial claim was filed by the agency. 28 U.S.C. § 2675(b).

Although Plaintiff alleges that he has filed a claim with Defendant, the complaint does not allege specific facts to establish compliance with 28 U.S.C. § 2675. Accordingly, in the First Amended Complaint, should Plaintiff elect to amend his complaint as permitted by this order, Plaintiff should allege facts relevant to the statutory requirements of the Federal Tort Claims Act.

    B. **Negligence Claims**

The elements of a negligence claim are that (1) the defendant had a legal duty to the plaintiff; (2) the defendant breached that duty; (3) the defendant's breach was the proximate and legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages resulting from the breach. *See Ladd v. County of San Mateo*, 12 Cal.4th 913, 917-18 (1996); *Friedman v. Merck & Co.*, 107 Cal.App.4th 454, 463 (Cal.Ct. App. 2003). Although the complaint provides an outline of Plaintiff's claim that suggests the elements of negligence, the amended complaint should set forth additional details of Plaintiff's claim, including, among other things, identifying Plaintiff, specifying the municipality or other approximate location of the accident, explaining the nature of Plaintiff's injuries, alleging that Mercy Hospital treated Plaintiff before releasing him (assuming that it did so), identifying Plaintiff's vehicle, and setting forth the nature of the damages to Plaintiff's vehicle.

///

As stated above, Plaintiff's goal is to set forth sufficient facts to give Defendant fair notice of what Plaintiff's claims are and the grounds upon which each claim rests. *Swierkiewicz*, 534 U.S. at 512. The amended complaint should set forth a factual basis for connecting his damages, such as his need for neck surgery, to Defendant's alleged negligence.

### III.    Conclusion and Order

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed without prejudice for failure to follow a court order.

IT IS SO ORDERED.

**Dated:    January 31, 2011**              /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE