**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID LEE WEAVER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; FOREST SERVICE; MICHAEL JAMES RYAN, AND DOES 1 THROUGH 100<br><br>　　　　Defendants. | CV 10-1523 RSWL<br><br>**ORDER RE Defendants' Motion in Limine To Exclude Undisclosed Evidence [43]** |

　　Currently before the Court is Defendants' Motion in Limine To Exclude Undisclosed Evidence [43].  Having reviewed all the papers pertaining to these Motions, the Court **HEREBY RULES AS FOLLOWS:**

　　The Court **GRANTS** Defendants' Motion.

　　Plaintiff is advised that he cannot present any evidence that was not disclosed during discovery. Under FRCP 26(a), each party must provide as part of its initial disclosures

1

1	(i) the name and, if known, the address and
2	telephone number of each individual likely to have
3	discoverable information--along with the subjects
4	of that information--that the disclosing party may
5	use to support its claims or defenses, unless the
6	use would be solely for impeachment;
7	
8	(ii) a copy--or a description by category and
9	location--of all documents, electronically stored
10	information, and tangible things that the
11	disclosing party has in its possession, custody, or
12	control and may use to support its claims or
13	defenses, unless the use would be solely for
14	impeachment;
15	
16	(iii) a computation of each category of damages
17	claimed by the disclosing party--who must also make
18	available for inspection and copying as under Rule
19	34 the documents or other evidentiary material,
20	unless privileged or protected from disclosure, on
21	which each computation is based, including
22	materials bearing on the nature and extent of
23	injuries suffered. . . .
24	FRCP 37(c) states that if a party fails to provide
25	information required by FRCP 26(a), the party is not
26	allowed to use that information to supply evidence at
27	trial.  The information may be introduced only if the
28	party's failure to disclose the required information is

1 substantially justified or harmless.  Fed. R. Civ. P.
2 37(c)(1); Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,
3 259 F.3d 1101, 1106 (9th Cir. 2001).  The burden to
4 prove substantial justification or harmlessness lies
5 with the party facing sanctions.  Yeti by Molly Ltd.,
6 259 F.3d at 1106-07.  In determining whether to
7 preclude introduction of evidence pursuant to Federal
8 Rule of Civil Procedure 37, courts consider (1) the
9 surprise to the party against whom the evidence would
10 be offered; (2) the ability of that party to cure the
11 surprise; (3) the extent to which allowing the evidence
12 would disrupt the trial; (4) the importance of the
13 evidence, and (5) the nondisclosing party's explanation
14 for it failure to disclose the evidence.  See Southern
15 States Rack & Fixture, Inc. v. Sherwin-Williams Co.,
16 318 F.3d 592, 596 (4th Cir. 2003).  District courts are
17 given "particularly wide latitude" to issue sanctions
18 under Rule 37(c)(1) and such sanctions may only be
19 reviewed for abuse of discretion.  Yeti by Molly Ltd.,
20 259 F.3d at 1106.

21    Should Plaintiff seek to introduce any evidence
22 that he has failed to disclose during discovery, he
23 must make a showing that his failure is substantially
24 justified or harmless.

28 ///

For the foregoing reasons, the Court **GRANTS** Defendants' Motion.

**IT IS SO ORDERED.**

DATED: March 1, 2013.

                              RONALD S.W. LEW
                        **HONORABLE RONALD S.W. LEW**
                        Senior, U.S. District Court Judge